## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MCS INDUSTRIES, INC., | : |
| *Plaintiff,* | : |
| | : No. 5:21-cv-02563-JLS |
| v. | : |
| MICHAELS STORES, INC., THE MICHAELS COMPANIES INC., MICHAELS STORES PROCUREMENT COMPANY, INC., and HARBORTOWN INDUSTRIES, INC., | : |
| *Defendants.* | : |

### DEFENDANT HARBORTOWN INDUSTRIES, INC.'S
### BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

John M. Riccione (IL Bar No. 6209375)
(admitted *pro hac vice*)
Brianna Skelly (IL Bar No. 6298677)
(admitted *pro hac vice*)
Marcus S. Harris (IL Bar No. 6269909)
(admitted *pro hac vice*)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, Illinois 60601
Telephone: 312-527-4000
Email: jriccione@taftlaw.com
       bskelly@taftlaw.com
       mharris@taftlaw.com

Nicole D. Galli
ND GALLI LAW LLC
One Liberty Place
1650 Market Street, Suite 3600, #00250
Philadelphia, PA 19103
Phone: (215) 525-9583
Email: ndgalli@ndgallilaw.com

*Counsel for Defendant Harbortown Industries, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1
RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2
LEGAL STANDARD............................................................................................................. 3
ARGUMENT......................................................................................................................... 5
I.   Harbortown is not Subject to the Personal Jurisdiction of this Court................................... 5
     A.   Harbortown is not "at home" in Pennsylvania ............................................................ 5
     B.   Harbortown did not "expressly aim" the alleged conduct at Pennsylvania.................. 6
II.  The SAC Relies on the Wrong Venue Statute .................................................................... 8
III. The Court Should Dismiss the Case Against Harbortown in the "Interest of Justice".......... 9
IV.  Harbortown Joins Michaels's Motion to Dismiss............................................................... 10
CONCLUSION..................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court*,
137 S.Ct. 1773 (2017) ................................................................................................................ 9

*Calder v. Jones*,
465 U.S. 783 (1984) ............................................................................................................. 5, 7

*Chant Eng'g Co. Inc. v. Cumberland Sales Co.*,
No. CV 20-4559, 2021 WL 818852 (E.D. Pa. Mar. 3, 2021) ................................................ 5, 9

*Chavez v. Dole Food Co., Inc.*,
836 F.3d 205 (3d Cir. 2016) ..................................................................................................... 5

*Cote v. Wadel*,
796 F.2d 981 (7th Cir. 1986) ................................................................................................. 11

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*,
948 F.3d 124 (3d Cir. 2020) ............................................................................................ 3, 4, 6

*Deleski v. Raymark Indus.*, Inc.,
819 F.2d 377 (3d Cir. 1987) .............................................................................................. 10, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ............................................................................................................. 3, 5

*HPG Int'l, Inc. v. Hilton Worldwide Holdings, Inc. et al.*,
No. 19-cv-5212, 2020 U.S. Dist. LEXIS 71649 (Apr. 21, 2020) ......................................... 7, 9

*IMO Indus., Inc. v. Kiekert AG*,
155 F.3d 254 (3d Cir. 1998) ............................................................................................ passim

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945) .................................................................................................................. 3

*Meench v. Raymond Corp.*,
283 F. Supp. 68 (E.D. Pa. 1968) ............................................................................................... 6

*Mellon Bank v. Farino*,
960 F.2d 1217 (3d Cir. 1992) ................................................................................................... 5

*NFIP, LLC v. Nifty Fiftys also T/A Nifty Fiftys Soda Fountain*,
No. 2:21-CV-01300-MSG, 2021 WL 3562852 (E.D. Pa. Aug. 12, 2021) ............................... 9

*Nichols v. G.D. Searle & Co.*,
991 F.2d 1195 (4th Cir. 1993) ......................................................................................... 10, 11

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ..................................................................................................... 4

*Saudi v. Acomarit Maritimes Servs., S.A.*,
245 F. Supp. 2d 662, 671–72, n.9 (E.D. Pa. 2003), *aff'd*, 114 F. App'x 449 (3d Cir. 2004) ..... 6

*Shuker v. Smith & Nephew, PLC*,
885 F.3d 760 (3d Cir. 2018) ............................................................................................ 7, 8, 9

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) .................................................................................................. 10

*Williams v. Elliott*,
  No. CV 18-5418, 2020 WL 470308 (E.D. Pa. Jan. 29, 2020) ...................................... 8

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................ 8

28 U.S.C. § 1404(a) ............................................................................................................ 9

**Other Authorities**

42 Pa. Stat. and Cons. Stat. Ann. § 5322(b) ....................................................................... 4

**INTRODUCTION**

Harbortown has no relevant connection with Pennsylvania. Harbortown is, by Plaintiff's admission, an Illinois corporation with a place of business in Lake Forest, Illinois. Harbortown is thus not "at home" in Pennsylvania. Nor has it "expressly aimed" the alleged tortious conduct at this forum. There is no personal jurisdiction over Harbortown here.

Plaintiff MCS Industries, Inc. ("MCS") seeks to bring Lanham Act and copyright infringement claims against Harbortown in connection with certain picture frames formerly sold in co-defendant Michaels's stores. Harbortown's role in that activity was not only very limited, but also had no nexus whatsoever with Pennsylvania. Harbortown merely coordinated the delivery of frames to Michaels in China, where Michaels took possession of those frames. To be clear, Harbortown had no contact with, or purposeful availment of, Pennsylvania.

*IMO Indus., Inc. v. Kiekert AG* and its progeny have cemented the rule that, to establish specific jurisdiction in an intentional tort case, a plaintiff must show that the defendant "expressly aimed" the alleged conduct at the forum State. *See* 155 F.3d 254, 258–59 (3d Cir. 1998). MCS cannot make that showing here. MCS's pleading fails to allege that Harbortown made any contact with Pennsylvania, let alone "expressly aim" the alleged conduct at this forum State. Harbortown is thus not subject to the personal jurisdiction of this Court.

MCS's disdain for pleading proper jurisdictional predicates becomes even more obvious in its venue-related allegations (or lack thereof). In its operative pleading, MCS cites the wrong venue statute, one that applies "solely and exclusively" to patent cases (which this is obviously not). So, MCS's pleading fails on venue too.

Because MCS has unnecessarily taxed this Court's and Harbortown's resources due to its neglectful attitude towards established principles of jurisdiction and venue, the penalty on MCS should be high.  The Court should invoke its discretion and dismiss the case against Harbortown.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

About seven months ago, MCS sued Michaels Stores, Inc., The Michaels Companies, Inc., and Michaels Stores Procurement Company, Inc. (collectively, "Michaels") in connection with the sale of certain picture frames.  *See* Dkt. No. 1.  Before that, Michaels had a business relationship with MCS pursuant to which MCS supplied picture frames to Michaels.  *See* Dkt. No. 48-1 at 3.  Michaels would procure the frames from MCS and then make them available in its stores (but only after rebranding them).  *Id.*  Then the pandemic hit.  *Id.*  That caused Michaels to request that MCS make certain changes to the payment terms in connection with their business relationship.  *Id.*  MCS obstinately refused.  *Id.*  Because of MCS' lack of flexibility, Michaels replaced MCS with Harbortown as its vendor.  *Id.*

Disgruntled, MCS sued Michaels asserting Lanham Act and copyright violation claims.  *See* Dkt. No. 1.  MCS also moved for a preliminary injunction.  *See* Dkt. No. 3.  Instead of fighting the injunction request, Michaels decided to cooperate, and it has since been actively removing the accused picture frames from its stores and calling them back from warehouses.  *See* Dkt. No. 27.  Without making any admissions that such action was required, Harbortown cooperated with Michaels in the call back.

Still upset, MCS moved this Court to add Harbortown as a Defendant.  *See* Dkt. Nos. 35, 40.  To support its assertion that Harbortown played a role in the alleged violations, MCS cited eight documents.  *See* Dkt. No. 40-2 through 40-9.  None of those documents, however, showed that Harbortown directed or aimed any alleged conduct at the Commonwealth of Pennsylvania.  *Id.*

After Michaels consented to the addition of Harbortown as a defendant in the case (*see* Dkt. No. 44), MCS filed its Second Amended Complaint (Dkt. No. 45, "SAC"). The SAC conclusorily pled that this Court has personal jurisdiction over Harbortown. *See* ¶ 26. And for venue, the SAC relied on a clearly inapplicable statute. *Id.*, ¶ 24. None of the SAC's allegations even remotely showed, let alone showed with reasonable particularity, that Harbortown directed or aimed the alleged conduct at Pennsylvania. Harbortown in fact has no relevant presence in Pennsylvania, nor has it directed any of the alleged activities in the Commonwealth. *See* SAC at ¶ 20; Declaration of Keith Yanko in Support of Harbortown Industries, Inc.'s Motion to Dismiss ("Yanko Decl.").

## LEGAL STANDARD

It is the plaintiff's burden to prove personal jurisdiction. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). "Personal jurisdiction can be either general jurisdiction or specific jurisdiction." *Id.* General jurisdiction over corporations may exist "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 317 (1945)). "Specific jurisdiction, on the other hand, depends on an 'affiliatio[n] between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.*

Whether a federal court can exercise personal jurisdiction over an out-of-state defendant is subject to a two-step analysis: "First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution." *IMO*, 155 F.3d at 258–59. The Pennsylvania Long-Arm

Statute permits a court to exercise personal jurisdiction over a nonresident as "allowed under the Constitution of the United States." *See* 42 Pa. Stat. and Cons. Stat. Ann. § 5322(b).

To meet its burden to establish personal jurisdiction, a plaintiff must show that: (i) the defendant "purposefully directed [its] activities" at the forum; (ii) the plaintiff's claims arose out of or relate to those alleged activities; and (iii) exercising personal jurisdiction over the defendant will not "offend traditional notions of fair play and substantial justice." *See Danziger*, 948 F.3d at 129. "Whether a plaintiff's claims 'arise out of or relate to' the defendant's contacts with the forum state depends, in part, on the type of claim brought." *Id.* at 130 (*quoting O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). In cases of intentional torts, the plaintiff must meet the *Calder* "effects test" by showing that:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*IMO*, 155 F.3d at 265–66 (emphasis added) (*citing Calder v. Jones,* 465 U.S. 783 (1984)).

"The plaintiff has the burden to show, 'with reasonable particularity,' enough contact between the defendant and the forum state to support the exercise of personal jurisdiction by the forum state." *Chant Eng'g Co. Inc. v. Cumberland Sales Co.*, No. CV 20-4559, 2021 WL 818852, at *2 (E.D. Pa. Mar. 3, 2021) (*quoting Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)).

**ARGUMENT**

**I.       Harbortown is not Subject to the Personal Jurisdiction of this Court**

MCS cannot establish either general jurisdiction or specific jurisdiction over Harbortown. Not only does Harbortown lack any presence in Pennsylvania, it has also not directed or aimed the alleged tortious conduct at Pennsylvania.

   A.       <u>Harbortown is not "at home" in Pennsylvania</u>

General jurisdiction exists when a corporation can be regarded as "at home" in the forum. *Goodyear*, 564 U.S. at 919. "A corporation is generally 'at home' in its 'place of incorporation and principal place of business.'" *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (holding that general jurisdiction did not exist over one of the defendants because "[t]he company is not incorporated there, does not maintain an office there, and does not supervise its business there").

MCS cannot show that Harbortown is "at home" in Pennsylvania. None of the SAC's allegations even remotely link Harbortown to Pennsylvania. The SAC in fact acknowledges that Harbortown "is a corporation existing under the laws of the state of Illinois, with its principal place of business located at 28477 N Ballard Dr. Lake Forest, IL 60045." *See* SAC at ¶ 20.

The SAC's failure to establish general jurisdiction sufficiently dispatches the issue: it is, after all, MCS's burden to establish personal jurisdiction. *See Danziger*, 948 F.3d at 129. Even so, the Yanko Declaration decisively negates any connection between Harbortown and Pennsylvania. *See* Yanko Decl. at ¶¶ 1-4. Harbortown is not registered to do business in Pennsylvania. *Id.* at ¶ 1. It has no corporate parents or subsidiaries in Pennsylvania, nor does it own property or maintain an office in this state. *Id.* at ¶ 2-3. While one individual working with Harbortown as an independent contractor happens to be living in Pennsylvania, that individual

5

does not have and has not had any connection with, or responsibility for, the Michaels' account.[1] *Id.* at ¶ 4. Even the documents MCS relied on to seek the Court's leave to add Harbortown as a Defendant fail to show any nexus to Pennsylvania. *See* Dkt. Nos. 40-2 through 40-9.

General jurisdiction is nonexistent here. So is specific jurisdiction, as explained next.

### B.  Harbortown did not "expressly aim" the alleged conduct at Pennsylvania

Specific jurisdiction exists when the alleged conduct is "purposefully directed" by the defendant towards the forum state. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018). Particularly, where a defendant is accused of intentional business torts like trademark and copyright infringement, the Court applies the *Calder* test to decide whether there is specific jurisdiction over the defendant. *See IMO*, 155 F.3d at 265–66 (emphasis added) (*citing Calder,* 465 U.S. 783); *accord HPG Int'l, Inc. v. Hilton Worldwide Holdings, Inc. et al.*, No. 19-cv-5212, 2020 U.S. Dist. LEXIS 71649, *12 (Apr. 21, 2020). The *Calder* test requires proof that the defendant "expressly aimed" the alleged conduct at the forum. *Id.*

In *IMO*, the Third Circuit Court of Appeals affirmed the criticality of the "expressly aimed" prong of the *Calder* test. *See* 155 F.3d 254, 261–66. The Court held that the mere allegation that the plaintiff felt the effect of the alleged conduct in the forum is not enough to satisfy *Calder*. *Id.* at 263. The plaintiff must also show that the defendant "expressly aimed" its conduct at the forum. *Id.* Put another way, "[s]imply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement. The

---

[1] The fact that the individual is an independent contractor with no role involving Michaels negates general jurisdiction. *See, e.g., Saudi v. Acomarit Maritimes Servs., S.A.*, 245 F. Supp. 2d 662, 671–72, n.9 (E.D. Pa. 2003), *aff'd*, 114 F. App'x 449 (3d Cir. 2004) ("Even if [the independent contractor] was employed by [the defendant], [the plaintiff] has not shown sufficient contacts with Pennsylvania through [his] employment to warrant general jurisdiction over [the defendant]."); *see also Meench v. Raymond Corp.*, 283 F. Supp. 68, 71 (E.D. Pa. 1968).

6

defendant must 'manifest behavior intentionally targeted at and focused on' the forum for *Calder* to be satisfied." *Id.* at 265.

MCS does not, and cannot, meet its burden to prove that Harbortown "purposefully directed" or "expressly aimed" the alleged conduct at Pennsylvania. The SAC's allegations that Harbortown conducted certain sales activities in this district are merely conclusory. SAC at ¶¶ 24(c), 26. "Such allegations, without more, simply fall short of demonstrating that [Harbortown] in any way purposefully availed [itself] of the benefits and protections of Pennsylvania law." *See Williams v. Elliott*, No. CV 18-5418, 2020 WL 470308, at *5 (E.D. Pa. Jan. 29, 2020) (declining to exercise personal jurisdiction over certain music companies based on unsupported allegations "vaguely implying that copies of [the song-at-issue] were sold in the state"). And none of the eight documents apparently produced by Michaels in this litigation and relied upon by MCS in moving to add Harbortown as a defendant (Dkt. Nos. 40-2 through 40-9) show that Harbortown made a contact with Pennsylvania or purposefully availed itself of the benefits and protections of Pennsylvania law. *Id.*

The fact is: Harbortown played only a small part in the accused product's supply chain, and that involvement was too far removed and distant from Pennsylvania. *See* Yanko Decl. at ¶¶ 5-6. Harbortown merely coordinated the availability of the product in China, where Michaels took possession of the product. *Id.* at 5. Harbortown never directly imported any frames for Michaels into Pennsylvania. *Id.* at 6. Harbortown also did not offer, promote, market, sell, or distribute the products for Michaels in Pennsylvania. *Id.* Nor did it direct anyone to do so. *Id.* And even if Harbortown knew that MCS had a place of business in Pennsylvania or that the accused products may eventually end up for sale in Pennsylvania, that is not enough to establish specific jurisdiction. *See IMO*, 155 F.3d at 267; *Shuker*, 885 F.3d at 780; *Chant Eng'g*, 2021 WL 818852, at *6; *NFIP*,

7

*LLC v. Nifty Fiftys also T/A Nifty Fiftys Soda Fountain*, No. 2:21-CV-01300-MSG, 2021 WL 3562852, at *4 (E.D. Pa. Aug. 12, 2021).² To establish specific jurisdiction, MCS must plausibly allege that Harbortown "expressly aimed" at and "intentionally targeted and focused on Pennsylvania." *See id.*; *see also HPG*, 2020 U.S. Dist. LEXIS 71649, *16. That MCS cannot do.

Trademark infringement actions in the Third Circuit require "something more than the infringement itself" to show that an out-of-state defendant targeted the forum. *See NFIP*, 2021 WL 3562852, at *4. "Rather, the defendant's conduct *itself* must be targeted at Pennsylvania." *Chant Eng'g*, 2021 WL 818852, at *6. Here, like the Complaint-at-issue in *NFIP*, "[n]othing in the [SAC] … alleges that the [Harbortown] ship[s] goods into Pennsylvania or otherwise intentionally solicit[s] customers [in Pennsylvania]." *Id.* at *5. And like the plaintiffs in *NFIP*, "[MCS] fail[s] to present any facts that would demonstrate [Harbortown] attempted or executed even a single sale in Pennsylvania."³ *Id.*

MCS has not met its burden to establish personal jurisdiction over Harbortown. The Court should therefore dismiss Harbortown from this case.

## II.     The SAC Relies on the Wrong Venue Statute

MCS's abject failure to allege personal jurisdiction is not the SAC's only procedural defect. The venue allegations in the SAC are also infected with a fundamental legal inaccuracy. The SAC improperly invokes 28 U.S.C. § 1400(b) for venue. *See* SAC at ¶ 24. Section 1400(b) is "the sole

---

² Besides, "nationally directed efforts" do not suffice for specific jurisdiction; what is required is "deliberate targeting of the forum." *Shuker*, 885 F.3d at 780. "'The bare fact that [a non-resident defendant] contracted with a [resident] distributor is not enough to establish personal jurisdiction in the State.'" *Id.* (quoting *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1783 (2017)).

³ It is important to note, especially given the complete lack of personal jurisdiction here, that MCS does not nor could it allege that the subject picture frames are protected or protectable by U.S. intellectual property laws. It alleges only that its *instructions*, i.e., "Format Frame Instructions," which are within packaging on the back of the frames are allegedly protected. Thus, the only claim against Harbortown is that it allegedly used MCS's instructions.

and exclusive provision" governing venue in *patent* cases. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). And this is not a patent case. Thus, the SAC's venue allegation is also fatally flawed.

### III. The Court Should Dismiss the Case Against Harbortown in the "Interest of Justice"

Ordinarily, an improperly venued case may be transferred to another forum for "the convenience of parties and witnesses," 28 U.S.C. § 1404(a), or "in the interest of justice," *id.* at § 1406. But "[u]nder either [statutory] section, the district court has broad discretion to grant or deny a motion to transfer the case" where the Complaint contained obvious and avoidable mistakes. *See Deleski v. Raymark Indus.*, Inc., 819 F.2d 377, 381 (3d Cir. 1987); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

Dismissal, in place of transfer, is warranted where a plaintiff's attorney commits "obvious error[s] in filing the plaintiff's action in the wrong court, thereby impos[ing] substantial unnecessary costs on both the defendant and the judicial system." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (*citing Deleski v. Raymark Indus., Inc.*, 819 F.2d 377, 381 (3d Cir. 1987)). In such situations, § 1406's "interest of justice" is not met if the plaintiff is allowed to "simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney." *Nichols*, 991 F.2d at 1201. "The proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one." *Cote*, 796 F.2d at 985.

MCS's mistakes, omissions, and utter lack of care and due diligence in pleading personal jurisdiction and venue have necessitated this motion, putting a significant and unnecessary strain on this Court's and Harbortown's resources. MCS's mistakes were not honest ones; they were glaringly obvious and easily avoidable. "Interest of justice" dictates that MCS bear the consequences of its actions.

**IV.    Harbortown Joins Michaels's Motion to Dismiss**

Harbortown also moves to dismiss the SAC in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For that, Harbortown joins and incorporates by reference herein Michaels's Motion to Dismiss (Dkt. No. 48), including all associated memoranda, declarations, exhibits, and replies. Harbortown has elected not to file its own, separate Rule 12(b)(6) motion because the factual predicates in such a motion would be substantially the same as those in Michaels's motion. So, it behooves Harbortown to conserve this Court's and its own resources by incorporating its co-defendants' motion. Should the Court deem necessary, however, Harbortown would be happy to file a separate motion and/or address any issues specific to Harbortown.

## CONCLUSION

For the foregoing reasons, Harbortown respectfully requests this Court to dismiss the case against Harbortown pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) and in the interest of justice. Harbortown also asks that the Court dismiss the case pursuant to Rule 12(b)(6) for the reasons provided in Michaels's motion to dismiss.

Dated: January 7, 2022

Respectfully submitted,

*/s/Nicole D. Galli*
John M. Riccione (IL Bar No. 6209375)
(admitted *pro hac vice*)
Brianna Skelly (IL Bar No. 6298677)
(admitted *pro hac vice*)
Marcus S. Harris (IL Bar No. 6269909)
(admitted *pro hac vice*)
111 East Wacker, Suite 2800
Chicago, Illinois 60601
Telephone: 312-527-4000
Facsimile: 312-527-4011
Email: jriccione@taftlaw.com
          bskelly@taftlaw.com
          mharris@taftlaw.com

10

        Nicole D. Galli
        ND GALLI LAW LLC
        One Liberty Place
        1650 Market Street, Suite 3600, #00250
        Philadelphia, PA 19103
        Phone: (215) 525-9583
        Fax:  (215) 525-9585
        Email: ndgalli@ndgallilaw.com

        *Counsel for Defendant*
        *Harbortown Industries, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2022, a true copy of the foregoing was served on all counsel of record via electronic service through the Court's e-filing system.

<em>/s/Nicole D. Galli</em>