IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MCS INDUSTRIES, INC.,** § § | |
| Plaintiff, § § § | |
| v. § § | No. 5:21-CV-02563-JLS |
| **MICHAELS STORES, INC., THE MICHAELS COMPANIES, INC., MICHAELS STORES PROCUREMENT COMPANY, INC.,** § § § § § § | |
| Defendants. § § | |

## JOINT STIPULATED PROTECTIVE ORDER

This Stipulation is entered into by and among Plaintiff MCS Industries, Inc. and Defendants Michaels Stores, Inc., The Michaels Companies, Inc., and Michaels Stores Procurement Company, Inc. (collectively "Michaels") (each of which is individually referred to hereafter as a "party," and all of which are collectively referred to hereafter as the "parties").

WHEREAS, the Parties assert that formal discovery in this litigation will require the disclosure of information or materials that include trade secret or other confidential research, development, technical, or commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and the parties seek to ensure that such information is not made public, disseminated beyond the extent necessary for this litigation, or used for any purpose other than in connection with this litigation;

WHEREAS, the parties submit that good cause exists for entry of this Protective Order.

NOW, THEREFORE, the parties agree as follows:

1. **SCOPE**

    1.1.    This Order governs the production or exchange of documents and other discovery materials in connection with this Action by or between the parties and any third parties, and their current and former representative, consultants, and employees.

    1.2.    If discovery sought from third parties in connection with this Action would require disclosure of confidential information of a third party, the third party may avail the protections of this Order through a written agreement between the third party and the party seeking information. Under such an agreement, all information produced by the third party will be governed by this Order and all parties shall treat it accordingly.

    1.3.    This Order shall not, in any manner, be disclosed to the jury in any litigation between or among the parties. Further, this Order shall not be used, in any manner or form, directly or indirectly, as evidence in any trial or any hearing, except at a hearing that involves issues related to any provision of this Order. Nothing in this Order, including the recitals, shall constitute an admission by any party.

2. **DEFINITIONS**

    2.1.    "Producing Party" means any party or non-party producing documents or information under this Protective Order.

    2.2.    "Receiving Party" means any party that receives documents or information in this Action.

    2.3.    "Protected Information" Includes any document or information is designated as "CONFIDENTIAL", "ATTORNEY'S EYES ONLY", or "AEO."

    2.4.    "CONFIDENTIAL" ("Confidential Information") designates Protected Information that a Producing Party in good faith believes to be of a proprietary business or

technical nature that is generally not available to the public. For example, Confidential Information may include, but is not limited to, materials such as non-public financial information, marketing and sales information, customer lists, market research, and business plans. Any and all permissible disclosure of Confidential Information by a Receiving Party is set forth in Section 4

2.5.    "ATTORNEY EYES ONLY" or "AEO" ("Attorney Eyes Only Information" or "AEO Information") designates Protected Information that a Producing Party in good faith believes contains information which the Producing Party would not normally reveal to third parties without requiring them to maintain the information in confidence, and the disclosure of which is likely to cause harm to the competitive position of the Producing Party. Attorney Eyes Only Information may include, but is not limited to: sensitive technical information such as computer algorithms, specifications, financial or competitive materials; research studies; financial and accounting information that is not made publicly available; business and marketing plans or analyses surveys; and customer communications. Any and all permissible disclosure of Attorney Eyes Only Information by a Receiving Party is set forth in Section 5.

3.    **DESIGNATION OF PROTECTED INFORMATION**

3.1.    The Producing Party shall identify all Protected Information by labeling each page of a produced document with one of the following labels: "CONFIDENTIAL", "ATTORNEY EYES ONLY" or "AEO." Each page shall be labeled in a manner that shall not interfere with its legibility.

3.2.    Any summary, compilation or copy of any document or thing designated as "CONFIDENTIAL", "ATTORNEY EYES ONLY" or "AEO."shall be treated the same as the underlying document or thing as provided by this Order.

3.3. The parties shall put forth a good faith effort in making their confidentiality designations so as to not designate documents and materials that do not qualify for the designated protection.

3.4. The ""CONFIDENTIAL", "ATTORNEY EYES ONLY" or "AEO."" designation shall, wherever practicable, be made before or at production or disclosure, except in the case of depositions, which shall be designated as set forth in Section 12.

3.5. If a Producing Party elects to produce documents or other material for inspection, no markings need be made by the Producing Party in advance of the inspection. But after the Receiving Party selects documents or material for copying, the Producing Party shall make the appropriate copies, with appropriate designations, if any, before providing copies to the Receiving Party. Until the Producing Party provides copies of the documents or materials selected for copying, all documents made available for inspection and information conveyed therein must be treated as if they contained Attorney Eyes Only Information.

3.6. If Protected Information is produced in a form that does not allow each page to be labeled consistent with Section 3.1, the Producing party must: (1) take appropriate care to label it in a manner as consistently as possible with Section 3.1 (e.g., when producing a CD-ROM, label the CD-ROM); and (2) provide written notice to the Receiving Party at the time of production identifying and describing the Protected Information that cannot be labeled consistent with Section 3.1 (e.g., indicate via a letter that the materials in the enclosed CD-ROM should be treated as per the label on the CD-ROM). On receipt of such notice, the Receiving Party must treat the materials appropriately, consistent with this Order.

4. **DISCLOSURE OF CONFIDENTIAL INFORMATION**

    4.1. No Receiving Party shall disclose any document or thing designated "CONFIDENTIAL" in accordance with Section 3 of this Order, to any other person or entity, except to the following:

        4.1.1. the Court and its personnel, in which event such information shall be filed under seal;

        4.1.2. court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

        4.1.3. outside counsel of record and the employees of outside counsel of record ("Outside Counsel") who are assisting in this litigation and whose duties require access to Confidential Information;

        4.1.4. vendors and contractors (such as copying services) retained to assist outside counsel;

        4.1.5. designated employees of the Receiving Party, provided each has signed an agreement in the form of Exhibit A, and that each executed Exhibit A is submitted to the opposing parties prior to disclosure of any Confidential Information.

        4.1.6. experts and consultants and their necessary clerical assistants, retained to assist counsel in the preparation or trial of the case, provided that the expert or consultant has signed an executed agreement in the form of Exhibit A; disclosures to experts and consultants are further subject to Section 7;

        4.1.7. interpreters or translators retained to assist counsel in the preparation or trial of the case, provided that they have signed an executed agreement in the form of Exhibit A and subject to Sections 8 and 12; and

        4.1.8. the person whose testimony is being taken, subject to Sections 11 and 12.

**5.     DISCLOSURE OF ATTORNEY EYES ONLY**

    5.1.     No Receiving Party shall disclose any document or thing designated "ATTORNEY EYES ONLY" or "AEO" in accordance with Section 3 of this Order, to any other person or entity, except to the following:

        5.1.1.   the Court and its personnel, in which event such information shall be filed under seal;

        5.1.2.   court reporters taking testimony involving such information and supporting stenographic, videographic, and clerical personnel;

        5.1.3.   outside counsel of record and the employees of outside counsel of record ("Outside Counsel") who are assisting in this litigation and whose duties require access to Attorney Eyes Only Information;

        5.1.4.   vendors and contractors (such as copying services) retained to assist outside counsel;

        5.1.5.   experts and consultants and their necessary clerical assistants, retained to assist counsel in the preparation or trial of the case, provided that the expert or consultant has signed an executed agreement in the form of Exhibit A; disclosures to experts and consultants are further subject to Section 7;

        5.1.6.   interpreters or translators retained to assist counsel in the preparation or trial of the case, provided that they have signed an executed agreement in the form of Exhibit A; disclosures to interpreters and translators are further subject to Section 8; disclosures to interpreters and translators attending a deposition are further subject to Section 12; and

        5.1.7.   the person whose testimony is being taken, subject to Sections 11 and 12.

6. **CHALLENGES TO DESIGNATION**

    6.1.    If a Receiving Party wishes to challenge the designation of any information, the Receiving Party shall, in good faith, narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate.

    6.2.    On receipt of the Receiving Party's request for declassification, the Producing Party shall make a good faith determination as to whether the information at issue should be declassified, and notify the Receiving Party of its determination within five (5) business days.

    6.3.    If an agreement cannot be reached informally, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes. The Producing Party shall have the burden of proving the propriety of the designation. The designation of the disputed information shall remain unless and until ordered by the Court or the Parties reach an agreement.

    6.4.    A Receiving Party may challenge the designation of any information at any time, and a failure to do so on receipt of the information shall not preclude a subsequent challenge thereto.

7. **DISCLOSURE OF EXPERTS AND CONSULTANTS**

    7.1.    A Receiving Party desiring to disclose Protected Information to experts or consultants shall obtain a signed executed agreement in the form of Exhibit A from the expert(s) or consultant(s) prior to disclosure.

    7.2.    All parties shall then have ten (10) calendar days from receipt of notice to serve (by facsimile, email and mail) a specific written objection to such disclosure. Such objection

must be for good cause, stating the reasons for the objection, and must be in writing served on all parties.

7.3. If no objection is served within the ten (10) day period, objections are waived, unless a new ground for objection—resulting from a material nondisclosure by such expert or consultant or a subsequent material change in such expert's or consultant's circumstances—arises after such time. No party may object to the selection of an expert or consultant unreasonably.

7.4. If a party objects pursuant to the provisions of Section 7.2, the parties shall meet and confer in an attempt to resolve the dispute. If the parties cannot resolve their dispute, the party making the objection may apply to the Court for an order barring disclosure of Protected Information to such person, or other appropriate relief.

7.5. There shall be no disclosure of Protected Information to an expert or consultant, unless no objection was served by any party in ten (10) calendar days of receiving notice, or the parties in dispute reach an agreement, or the Court orders disclosure

8. **USE OF PROTECTED INFORMATION**

8.1. Protected Information disclosed pursuant to this Order shall, unless otherwise ordered by this Court, be used solely for the purpose of this Action, and not for any business or competitive purposes or for any other reason.

8.2. This Order does not restrict in any manner the use or disclosure by any Producing Party of any information in its own documents and things.

9. **COURT FILINGS WITH PROTECTED INFORMATION**

9.1. To the extent that any documents or things designated as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "AEO" are to be filed with the Court, each such document and thing shall be filed under seal with the Clerk of the Court according to any local rules of the Court.

9.2. The parties agree that such filing does not compromise the Confidential Information or Attorney Eyes Only Information. The parties agree not to oppose such requests to file under seal and not to seek to have any such filings unsealed unless and until the Court orders that a party's Confidential Information or Attorney Eyes Only Information should be stricken.

**10. USE OF PROTECTED INFORMATION DURING TESTIMONY**

10.1. Except as otherwise approved by the Producing Party or by an order of the Court, Protected Information of a Producing Party may be used by a Receiving Party in taking testimony during a deposition, at a hearing, or at trial, only if the witness is:

10.1.1. an existing employee of the Producing Party; or

10.1.2. a former employee of the Producing Party or any other person who previously had access to the Protected Information; or

10.1.3. an expert or consultant or other person duly qualified under Section 7.

**11. DEPOSITIONS INVOLVING PROTECTED INFORMATION**

11.1. Any attendee at a deposition in which Protected Information is shown or discussed must be qualified under this Order to review such information. The parties expressly agree that all persons not so qualified may be excluded from the portion of any deposition in which Protected Information is shown or discussed.

11.2. During any deposition, when counsel of record for a party deems that a question and/or answer to a question will result in disclosure of Protected Information, counsel may designate as "CONFIDENTIAL," ""ATTORNEY EYES ONLY," or "AEO" the portion of the transcript or videotape containing such question or answer.

11.3. After a deposition has concluded, if a party wants to give a higher designation of confidentiality, to information that was previously undesignated or had a lower level of

confidentiality, a party may do so, after providing written notice to all parties within thirty (30) business days of receipt of the transcript by the party's counsel of record. Once written notice is received, all parties must treat the designation appropriately according to the remaining provisions of this Order and must immediately take all appropriate steps to correct any pre-designation disclosure.

      11.4.    Any portion of the transcript designated as "CONFIDENTIAL," "ATTORNEY EYES ONLY," or "AEO" shall be transcribed separately, placed in a separately bound volume and designated in the manner set forth in Section 3 of this Order.

## 12.    THIRD PARTIES

      12.1.    Where a discovery request, subpoena or deposition question calls for otherwise discoverable information that is held under obligations of confidentiality owed to a third party that has been reached by way of prior agreement existing before the instant matter, the Producing party shall not be obliged to disclose such material. However, the Producing Party shall produce any such written confidentiality agreement that governs the material. The Producing Party shall also make all reasonable efforts to secure consent of the third party to disclose such material, and in the absence of such consent, must notify the Receiving Party within a reasonable time, the existence of the documents and lack of consent to disclose.

      12.2.    If any third party entity subpoenas or orders production of Protected Information that a Receiving Party has obtained subject to this Order, the Receiving Party shall promptly notify the Producing Party and object to the subpoena on grounds that the information is protected by this Order.

## 13.    INADVERTENT DISCLOSURE

      13.1.    Inadvertent Disclosure of Protected Information:

       13.1.1. Inadvertent failure to designate documents or things as Confidential or Attorney Eyes Only Information pursuant to this Order, shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this Section are satisfied.

       13.1.2. If the Producing Party discovers that information should have been but was not designated with the appropriate level of confidentiality, the Producing Party must immediately notify all other parties and provide copies of the appropriately designated Protected Information.  Upon receiving such notice, the Receiving Party shall track down and return to the Producing Party or destroy, with written confirmation of destruction, all copies of the original information produced with inappropriate designation.

       13.1.3. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure of inappropriately designated Protected Information occurring before the Receiving Party was placed on notice of the Producing Party's claims of confidentiality.

13.2.    Inadvertent Disclosure of Privileged Information:

       13.2.1. Inadvertent production of information subject to the attorney-client and attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this Section are satisfied.

       13.2.2. If the Producing Party discovers that information produced should have been withheld on the basis of privilege, the Producing Party must immediately notify all other parties.  In such event, the parties must immediately return the privileged information along with all duplicates.  Once notified of the production of privileged information, a Receiving Party shall not duplicate the privileged information, or

distribute the privileged information by any means other than returning it to the Producing Party.  Within fifteen (15) days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the privileged information.

13.2.3. The Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege.

14. **GENERAL PROVISIONS**

14.1.   After the conclusion of the lawsuit between the Parties, the provisions of this Order shall continue to be binding until further court order.  This Court shall have exclusive jurisdiction to hear any complaint brought by any Producing Party alleging that any person has breached the terms of this Order.  Such complaint shall be brought by motion for appropriate relief.  The Court shall also retain jurisdiction over the Parties and any other person who has had access to Confidential Information or Attorney Eyes Only Information, so that the Court can continue to enforce this Order.

14.2.   The Parties may modify this Order only by written agreement.  The Court may modify this Order upon a showing of good cause.  Nothing in this Order shall be construed as precluding any Party from seeking such modification.

14.3.   Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Pennsylvania, or the Court's Docket Control Orders and Discovery Orders.

14.4.   If Protected Information is improperly disclosed to any person other than in the manner authorized by this Order, the party, third party or person responsible for this disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all

interested parties, without prejudice to other rights and remedies of the Producing Party, and shall make every effort to prevent further improper disclosure.

14.5.   Nothing herein prevents a counsel for any party from giving legal advice or opinion to his or her client simply because counsel has reviewed Protected Information as defined in this Order.  However, consistent with the provisions of this Order, counsel may not disclose any Protected Information to his or her client

**15.    RETURN OR DESTRUCTION OF PROTECTED INFORMATION**

15.1.   Within ninety (90) calendar days after the conclusion of this litigation, unless the parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Producing Party containing Confidential or Attorney Eyes Only Information shall be destroyed, by cross-cut shredding, except that outside counsel of record shall be entitled to retain attorney work product and, for archival purposes, one (1) paper and one (1) electronic copy of pleadings, correspondence and memoranda, which contain or refer to Protected Information.  Notwithstanding this provision, outside counsel of record in this matter shall not be required to delete information that may reside on their respective firms' electronic disaster recovery systems which are overwritten in the normal course of business.  However, the outside firms that have appeared as counsel of record in this matter shall not retrieve any Confidential or Attorney Eyes Only Information from any firm's electronic disaster recovery systems after the conclusion of this Action.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                                      JEFFREY L. SCHMEHL
                                                                      UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| By: */s/ Kean Maynard*<br>Gavin Lentz<br>Pa. ID No. 53609<br>Kean Maynard<br>Pa. ID No. 327794<br>**BOCHETTO LENTZ PC**<br>1524 Locust Street<br>Philadelphia, PA 19102<br>Phone:  (215) 735-3900<br>E-mail:  glentz@bochettoandlentz.com<br>E-mail:  pbryant@bochettoandlentz.com<br>E-mail:  kmaynard@bochettoandlentz.com<br><br>***Attorneys for Plaintiff MCS Industries, Inc***. | By: */s/ Victor C. Johnson*<br>Victor C. Johnson (*admitted pro hac vice*)<br>Texas Bar No. 24029640<br>**DENTONS US LLP**<br>2000 McKinney Avenue, Suite 1900<br>Dallas, Texas 75201-1858<br>Phone:  (214) 259-1876<br>Fax:  (214) 259-0910<br>E-mail:  victor.johnson@dentons.com<br><br>    AND<br><br>David F. Russey<br>Pa. ID No. 84184<br>Cezanne S. Harrer<br>Pa. ID No. 324178<br>**DENTONS COHEN & GRIGSBY P.C.**<br>625 Liberty Avenue<br>Pittsburgh, PA  15222-3152<br>Phone:  (412) 297-4900<br>Fax:  (412) 209-1975<br>E-mail:  david.russey@dentons.com<br>E-mail:  cezanne.harrer@dentons.com<br><br>***Attorneys for Defendants Michael's Stores, Inc. The Michaels Companies, Inc., and Michaels Stores Procurement Company, Inc.*** |